IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ROOSEVELT ANTONION ELLISON, | : | |
| Plaintiff | : | |
| VS. | : | |
| Sergeants WILSON and LESTER, | : | NO. 5:05-cv-154(CAR) |
| Defendants | : | **O R D E R** |

Plaintiff **ROOSEVELT ANTONIO ELLISON**, presently confined at Frank Scott State Prison in Hardwick, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff also seeks leave to proceed without prepayment of the $250.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Based on plaintiff's submissions, the Court finds that plaintiff is unable to prepay the filing fee. Accordingly, the Court **GRANTS** plaintiff's motion to proceed *in forma pauperis* and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1).

It is hereby **ORDERED** that plaintiff's custodian or his designee shall set aside twenty percent (20%) of all deposits made to plaintiff's trust fund account and forward those funds to the Clerk each time the amount set aside exceeds $10.00, until the $250.00 filing fee has been paid in full.[1]  28 U.S.C. § 1915(b)(2). The Clerk of Court is directed to send a copy of this order to the business manager and the warden of the institution where plaintiff is incarcerated.

---

[1] Effective February 7, 2005, pursuant to the Omnibus Appropriations Act of 2005, the filing fee for any civil action was increased from $150.00 to $250.00.

## I.     STANDARD OF REVIEW

### A.     28 U.S.C. § 1915(e)(2)

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds:  (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one."  *Neitzke*, 490 U.S. at 327 (quoting ***Hishon v. King & Spalding***, 467 U.S. 69, 73 (1984)).

### B.     General Requirements of 42 U.S.C. § 1983

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States.  ***See Wideman v. Shallowford Community Hosp., Inc.***, 826 F.2d 1030, 1032 (11th Cir. 1987).  Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law.  ***Id.***

## II.  BACKGROUND

Plaintiff alleges that on February 17, 2005, he was transferred from Scott State Prison to an unspecified location.  During the course of his transfer, plaintiff allegedly informed defendant Sergeants Wilson and Lester that he needed to "lock his property in the ID room."  (Plaintiff's personal property included a photo album, walkman, and jewelry.)  According to plaintiff, both Sergeants failed to take him to the ID room.  Sergeant Lester ultimately allowed plaintiff to place his property in Security.  Plaintiff alleges that, although an Officer Anderson (not named as a defendant) was supposed to retrieve plaintiff's property from Security, plaintiff never received the property.  Plaintiff claims that he continues to be denied his property despite repeated requests to various prison officials.  For this alleged violation, plaintiff seeks reimbursement or the return of his property.

## III.  DISCUSSION

A prisoner's claim for deprivation of his property does not amount to a violation of due process under the United States Constitution provided that the following two circumstances are present:  (1) the deprivation of property resulted from an intentional, non-negligent act of a state employee that is random and unauthorized, rather than pursuant to an established state procedure; and (2) the state provides an adequate post-deprivation property remedy for the prisoner's property loss.  **Hudson v. Palmer**, 468 U.S. 517, 533 (1984); **Parratt v. Taylor**, 451 U.S. 527, 543-44 (1981).  The reasoning behind this principle is that if an employee's action is

unauthorized, the state cannot predict when it will occur and thus is unable to provide a pre-deprivation due process hearing.

Plaintiff does not claim that Sergeants Wilson and Lester acted pursuant to officially authorized procedure. Hence, plaintiff's claim can only be construed as alleging an intentional, random, and unauthorized act.[2] Additionally, the State of Georgia provides adequate post-deprivation remedies whereby plaintiff may sue the defendant in the state courts and recover any damages due him for the loss of his property. *See* O.C.G.A. § 51-10-1. Such a cause of action still remains available to plaintiff.[3] Thus, plaintiff has failed to allege a violation of his Fourteenth Amendment rights.

### IV.   CONCLUSION

In light of the foregoing, the instant action is **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915(e)(2).

**SO ORDERED**, this 19th day of May, 2005.

> S/ C. Ashley Royal
> C. ASHLEY ROYAL
> UNITED STATES DISTRICT JUDGE

cr

---

[2] If plaintiff is claiming that prison officials negligently lost his property, he has failed to state a constitutional claim. Mere negligence by prison officials may state a claim under state law, but is insufficient to establish a constitutional violation. ***Daniels v. Williams***, 474 U.S. 327, 333 (1986).

[3] O.C.G.A. § 9-3-32 provides: "Actions for the recovery of personal property, or for damages for the conversion or destruction of same, shall be brought within four years after the right of action accrued."